UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-CV-21018-SEITZ

GLOBAL HOOKAH DISTRIBUTORS, INC.
d/b/a SOUTHSMOKE.COM, a foreign
corporation,

    Plaintiff,

v.

PEDRO BELLO, Individually,
LAZARO JACOMINO, Individually,
PBELLO, INC., a Florida corporation,
and LLBJ Corporation, a Florida corporation
d/b/a SOUTH SMOKE SHOP,

    Defendants.
_____/

## AGREED ORDER FOR PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE

**THIS CAUSE**, having come before this Court upon the Stipulation for Settlement and Entry of Permanent Injunction and Dismissal [DE-51], and the Court having considered the matter and being otherwise fully informed enters its order as follows:

1. The Court acknowledges and approves the Stipulation for Settlement of the parties dated May 20, 2014 and hereby orders the parties to strictly comply with its terms.

2. The Court acknowledges the Waiver of Service of Process of Defendant Pedro Bello by counsel, *ore tenus*, in court on May 12, 2014. All Defendants are subject to the jurisdiction of this Court.

3. Effective September 20, 2014 (the "Effective Date") Defendants, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, are permanently enjoined and restrained:

    a. From using the Mark "SouthSmoke" "South Smoke" or "Southsmoke.com" (collectively "Plaintiff's Mark"), "South Smoke Shop" or "SouthSmokeShop" or "Southsmokeshop.com" (collectively the "Accused Mark"), the terms "Southsmoke" or "South Smoke," any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark(s) or service mark(s) similar thereto or likely to be confused therewith, in connection with a physical or online store for smoking products, tobacco products or for any other goods and services related to Plaintiff's services;

    b. From using any logo, trade name, service mark or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services of Defendants or the products sold by Defendants in connection with their services, or of any third parties, are sponsored by, authorized by, related to or in any way associated with Plaintiff and/or that the services of Plaintiff or the products sold by Plaintiff in connection with its services are inferior to, copies of, infringing of or imitations of the services of Defendants or the products sold by Defendants in connection with Defendants' services.;

    c. From infringing the Plaintiff's Mark, "SouthSmoke";

   d. From reproducing, distributing, or otherwise using or contributing to the reproduction, distribution or use of the Accused Mark or any other mark confusingly similar to Plaintiff's Mark;

   e. From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendants and Plaintiff, or their respective services;

   f. From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendants or their affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendants or infringing upon any mark of the Defendants in the use of Plaintiff's Marks;

   g. From selling, advertising or offering for sale hookahs, hookah related products including but not limited to hookah (i.e., any pipe used for smoking hookah tobacco) or related hookah products including but not limited to hookah charcoals, herbal shisha (herbal non-tobacco smoking product), flavored hookah tobacco, hookah accessories (hookah bowls, hookah hoses, hookah vases and cleaning supplies) and electronic smoking devices or products including but not limited to e-cigarettes, e-hookah, e-hose, e-liquid, e-juice or any other form of electronic smoking or "vape" products under any trade name, directly or indirectly in the United States.

  4. On or before the Effective Date, Defendants shall destroy all goods, labels, signs, prints, packages, packaging, wrappers, inventory, advertisements, marketing or promotional materials, bags, boxes, website pages, internet advertising, or

other written or printed material using or containing the name "South Smoke Shop," "South Smoke" or any other mark confusingly similar to Plaintiff's Mark. Defendants shall acknowledge such destruction to Plaintiffs' counsel within seven (7) days after the effective date.

5. On or before the effective date the Defendants shall close and surrender its Facebook (https://www.facebook.com/pages/SouthSmokecom/107664995936998), Twitter (https://twitter.com/southsmokeshop), Pinterest (http://www.pinterest.com/pin/449585975272047792) accounts, YouTube, Vimeo and any other Internet or social media accounts as well as any further use of the Accused Mark, the Internet domain name www.southsmokeshop.com and in any keyword or Adwords advertising, and any social media using the Plaintiff's Mark in the possession or control of Defendants, or their advertisers which bear the Plaintiff's Mark, or any infringement thereto, including but not limited to the Accused Mark, and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any service marks or trademarks similar thereto or likely to be confused therewith, alone or in combination with any other word or element, and all plates, molds, matrices, and other means from making the aforesaid items or services;

6. Defendants shall transfer to Plaintiff the www.southsmokeshop.com Internet domain name, and any other Internet domain name owned by Defendants that includes the term "southsmoke" alone or with other wording in the manner set forth in the Parties' Settlement Agreement

7. Defendant LLBJ Corporation shall file a Surrender of Registration for its U.S. Registration No. 4,424,722 in the manner set forth in the Parties' Settlement Agreement.

8. On or before the Effective Date, Defendants shall deliver up for destruction all goods, transfers, sketches, labels, signs, prints, packages, wrappers, packaging, boxes, bags, receptacles, advertisements, website pages and other written, virtual or printed materials that bear the Accused Mark and or any design similar thereto.

9. On or before the Effective Date, Defendants shall recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers, packaging, boxes, bags, inventory, advertisements, internet advertising, website pages and other written, virtual or printed material in the possession or control of Defendants, or third party advertisers which bear the Accused Mark.

10. In the event of violation of the Permanent Injunction, Plaintiff shall be entitled to the entry of a Judgment for Damages against the Defendants in the liquidated amount of one hundred thousand dollars ($100,000.00), plus reasonable attorney's fees and costs for the entirety of this litigation. In the event Plaintiff claims a violation of this Agreement, it shall file a declaration specifying the same with the Court and copy the same to Defendants in care of their counsel. Defendants may object to the declaration within fifteen (15) days of the filing.

11. Each party shall bear its own costs and attorney's fees.

12. This cause is hereby DISMISSED with prejudice.

13. All pending motions are DENIED as moot.

14. The Court shall retain jurisdiction to enforce this Order.

15. This case is CLOSED.

**DONE AND ORDERED** in Miami, Florida this 2nd day of June, 2014

_Patricia A. Seitz_
Patricia A. Seitz
United States District Judge

cc: Counsel of Record